UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

EDGAR B. VALLADARES
and other similarly situated individuals,

    Plaintiff(s),

v.

SALVATORE PIZZA & PASTA
INCORPORATED,
MAXIMILIANO SQUADRITO,
and AUGUSTO V. SQUADRITO, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, EDGAR B. VALLADARES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants SALVATORE PIZZA & PASTA INCORPORATED, MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff EDGAR B. VALLADARES is a covered employee for purposes of the Act. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant SALVATORE PIZZA & PASTA INCORPORATED (hereinafter SALVATORE PIZZA, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked. The defendant was engaged in interstate commerce.

4. The individual Defendants MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO ELIO F. SOLARI were and are now, the owners/partners/officers and operators of Defendant Corporation SALVATORE PIZZA. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff EDGAR B. VALLADARES as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2017, (the "material time") without being properly compensated.

7. Defendant SALVATORE PIZZA is an Italian restaurant located at 1550 W 84th ST, suite #1, Hialeah, Florida 33014, where the Plaintiff worked. The primary function of this restaurant is to sell pizza, burgers, sandwiches, pitas, salads, and other fast-food preparations to customers, whether they sit-down, carry out the food, or have it delivered.

8. Defendants SALVATORE PIZZA, MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO employed Plaintiff EDGAR B. VALLADARES approximately from June 25, 2017, to September 27, 2019, or more 118 weeks.

9. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as cook, kitchen helper, and cleaning person. The Plaintiff was paid at the rate of $12.00 an hour. The Plaintiff's overtime rate should be $18.00 an hour.

10. During his time of employment with Defendants, Plaintiff had a very regular schedule, Plaintiff worked 6 days per week. Usually, Plaintiff worked on Tuesdays from 10:00 AM to 10:00 PM (12 hours); on Wednesdays and Thursdays from 4:00 PM to 10:00 PM (6 hours each day); on Fridays and Saturday from 10:00 PM to 11:00 PM (13 hours each day); and on Sundays Plaintiff worked from 4:00 PM to 10:00 PM (6 hours). The Plaintiff completed 56 working hours every week. The Plaintiff was unable to take bonafide lunch periods.

11. The Plaintiff always worked more than 40 hours in a week period, and he was paid for all his hours, but at his regular wage-rate. He was not paid for overtime hours.

12. The Plaintiff did not clock in and out. However, he signed-in timesheets, and Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. The Plaintiff was paid strictly in cash every week, without any paystub providing basic information about real number of working hours, wage rate, employment taxes, etc.

15. The Plaintiff was not in agreement with the wages received every week and he complained to the owners of the business multiple times. The Plaintiff's employment ended on or about September 27, 2019.

16. Plaintiff did not work 56 hours during his last week of employment, he worked about 43 hours.

17. Plaintiff EDGAR B. VALLADARES seeks to recover half-time overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

19. Plaintiff EDGAR B. VALLADARES re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This cause of action is brought by Plaintiff EDGAR B. VALLADARES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2017,

(the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

21. The Defendant SALVATORE PIZZA was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a fast food and pizza restaurant and is engaged in interstate commerce.  The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

23. Defendants SALVATORE PIZZA, MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO employed Plaintiff EDGAR B. VALLADARES approximately from June 25, 2017, to September 27, 2019, or 118 weeks.

24. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as cook, kitchen helper, and cleaning person. The Plaintiff was paid at the rate of $12.00 an hour.

25. During his time of employment with Defendants, Plaintiff had a very regular schedule, Plaintiff worked 6 days per week a total of 56 working hours every week. The Plaintiff was unable to take bonafide lunch periods.

26. The Plaintiff always worked more than 40 hours in a week period, and he was paid for all his hours, but at his regular wage-rate. He was not paid for overtime hours.

27. The Plaintiff did not clock in and out. However, Plaintiff signed-in timesheets and Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. The Plaintiff was paid strictly in cash every week, without any paystub providing basic information about real number of working hours, wage rate, employment taxes, etc.

30. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

31. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Eleven Thousand Two Hundred Fifty Dollars and 00/100 ($11,250.00)

    b. <u>Calculation of such wages</u>:

    Relevant weeks of employment:  118 weeks
    Total number of relevant weeks: 118 weeks
    Total hours worked:  56 hours weekly
    Total overtime hours: 16 hours
    Regular rate: $12.00 an hour
    Overtime rate: $18.00 an hour-$12.00 rate paid= $6.00 half-time difference

     1.-  Overtime for 117 weeks of 56 hours weekly
          Half-time $6.00 x 16 hours=$96.00 weekly x 117 weeks=$11,232.00

     2.-  Overtime for 1 week of 43 hours weekly
          Half-time $6.00 x 3 hours= $18.00 x 1 week = $18.00

    Total 1 and 2: $11,250.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.

34. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of

the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. At the times mentioned, individual Defendants MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO were the owners/managers of SALVATORE PIZZA. Defendants MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO as the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of SALVATORE PIZZA in relation to its employees, including Plaintiff and others similarly situated. Defendants MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

38. Defendants SALVATORE PIZZA, MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDGAR B. VALLADARES and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff EDGAR B. VALLADARES and other similarly situated individuals and against the Defendants SALVATORE PIZZA, MAXIMILIANO SQUADRITO, and AUGUSTO V. SQUADRITO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff EDGAR B. VALLADARES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff EDGAR B. VALLADARES demands trial by a jury of all issues triable as of right by jury.

Dated:  October 16, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*